**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4424-16T4

SUSAN ABANKWA,

     Plaintiff-Appellant,

v.

ROBERT GREER, and JEANNE
N. GARNER,

     Defendants-Respondents.

_____

Argued January 10, 2019 – Decided May 6, 2019

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4239-15.

Matthew S. Forlizzi argued the cause for appellant (Epstein Ostrove, LLC, attorneys; Matthew S. Forlizzi, on the briefs).

Mario C. Colitti argued the cause for respondent Robert Greer (Law Offices of Viscomi & Lyons, attorneys; Mario C. Colitti, on the brief).

PER CURIAM

Plaintiff, Susan Abankwa, appeals from the May 11, 2017 judgment entered following a jury verdict in favor of defendant Robert Greer. We affirm.

On or about November 5, 2013, plaintiff was involved in a two-car accident with Greer.[1] Discovery revealed that plaintiff declined treatment from first responders at the scene. Plaintiff went to Dr. Atiya Nadeem, a gynecologist and plaintiff's primary care physician, two days after the accident complaining of soreness, but her medical records did not mention the accident. Plaintiff went to the emergency room three days after the accident. Doctors ordered x-rays, prescribed Motrin, and discharged plaintiff the same day. Plaintiff began seeing a chiropractor, who referred her to a pain management doctor for epidural injections. Plaintiff consulted with two doctors who specialized in treatment of the spine; each recommended back surgery. Plaintiff declined surgery and instead treated her symptoms with a combination of prescription muscle relaxers, topical creams, and heat compresses.

One year after the accident, plaintiff consulted with a neurologist. Plaintiff complained of pain in her neck, shoulders, and back, as well as pain

---

[1] Defendant Jeanne Garner was the owner of Greer's vehicle. The complaint against Garner was dismissed by consent.

A-4424-16T4

radiating from her neck and shoulders to her fingertips. Plaintiff underwent an EMG to evaluate nerve function.

On July 17, 2015, plaintiff filed a complaint alleging she suffered serious and permanent injuries as a result of defendant's negligence. Discovery ensued, and during her deposition plaintiff testified that, fifteen or twenty years earlier, she had been in a previous car accident in which she suffered a knee injury. The knee injury required surgery and post-operative chiropractic treatment. At deposition she testified her knee was the only part of her body treated for symptoms related to that accident. During her deposition, plaintiff stated after the November 5, 2013 accident, she started having back pain that affected her daily life. Her later trial testimony regarding her history of back injuries differed from the accounts given during her deposition and interrogatory answers, and defendant confronted her about these discrepancies during cross-examination.

Both plaintiff's expert, Dr. Marc Cohen, and defendant's expert, Dr. Steven Robbins, were deposed. Plaintiff moved in limine to strike testimony relating to plaintiff's prior automobile accident. The court agreed to permit defendant to cross-examine plaintiff about the earlier accident. Plaintiff also sought to bar Dr. Robbins from testifying about certain information in her

A-4424-16T4

gynecological records, as well as the results of the EMG. The court denied the motion.

At trial, plaintiff testified the accident caused injury to her back and neck. At trial, Dr. Robbins, a board certified orthopedic surgeon, testified he examined plaintiff and reviewed her MRIs, EMGs, and other medical records. He testified there were "no objective findings on [plaintiff's] exam to substantiate her . . . subjective complaints."

Dr. Robbins noted the EMG showed moderate to severe carpal tunnel syndrome unrelated to the accident in question and ruled out cervical radiculopathy. According to Dr. Robbins, the EMG did not show the nerves in plaintiff's neck were compromised, proving her subjective complaints of numbness in the arm had no anatomic explanation.

Dr. Robbins also testified plaintiff's medical records of her visit to Dr. Nadeem, just two days after the 2013 accident, did not mention the car accident or trauma. Dr. Nadeem's records list thirty-one medical problems, including chronic pain, fibromyalgia, a back disorder, and neck pain, but Dr. Robbins claimed those complaints and conditions pre-existed the accident. Moreover, on November 7, 2013, Dr. Nadeem conducted a range of motion test of plaintiff's neck and found she had a full active range of motion that was within normal

A-4424-16T4

limits and there was no tenderness. Subsequent visits to Dr. Nadeem in December 2013 and January 2014 were also devoid of references to a car accident or trauma, and revealed similar results in range of motion tests.

After a four-day trial, the jury found Greer was at fault for the accident, but also found plaintiff failed to prove she sustained a permanent injury proximately caused by the accident; therefore, the court entered judgment for defendant. This appeal followed.

On appeal, plaintiff argues the trial judge erred in permitting Dr. Robbins to testify about an EMG he did not conduct and upon which he did not rely because it was hearsay and outside the scope of his expertise. She also argues the judge erred in allowing defendant to cross-examine her regarding the prior accident and her gynecological records.

"[A] trial court's evidentiary rulings are entitled to deference absent a showing of abuse of discretion[.]" State v. Nantambu, 221 N.J. 390, 402 (2015) (first alteration in original) (quoting State v. Harris, 209 N.J. 431, 439 (2012)). A decision constitutes an abuse of discretion if it was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." U.S. ex rel. U.S. Dept. of Agric. v. Scurry, 193 N.J. 492, 504 (2008) (quotation omitted). Where the trial court fails to apply the correct

test to determine admissibility of evidence, appellate review is de novo. State v. Lykes, 192 N.J. 519, 534 (2007). "[W]e will reverse an evidentiary ruling only if it 'was so wide off the mark that a manifest denial of justice resulted.'" Griffin v. City of E. Orange, 225 N.J. 400, 413 (2016) (quoting Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999)).

Plaintiff argues Dr. Robbins's testimony relating to the EMG was inadmissible because he never explicitly stated he relied on the EMG report in forming his own medical opinion. Second, plaintiff argues Dr. Robbins's testimony is barred by Rules 803(c)(6) and 808 due to the complexity of plaintiff's EMG test. N.J.R.E. 803(c)(6), 808. Third, plaintiff asserts Dr. Robbins lacked the proper qualifications and training to interpret the EMG test.

Essentially, plaintiff contends defendant impermissibly "bootstrapped" the opinion of a non-testifying expert into evidence. Plaintiff argues Dr. Robbins's statements regarding the EMG results allowed the jury to conclude that she did not suffer from a permanent injury caused by the accident, and this constituted reversible error. We disagree.

Under the Automobile Insurance Cost Reduction Act, N.J.S.A. 39:6A-1.1 to -35, policyholders who accept the "limitation on lawsuit" threshold can only recover for bodily injuries sustained while operating a motor vehicle if they

provide objective proof they suffered "a permanent injury within a reasonable degree of medical probability." James v. Ruiz, 440 N.J. Super. 45, 52 (App. Div. 2015) (quoting N.J.S.A. 39:6A-8(a)). To recover here, plaintiff needed to demonstrate the accident caused a permanent injury.

Rule 703 provides:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.
>
> [N.J.R.E. 703.]

The purpose of Rule 703 is to "allow more latitude in the admission of expert opinion testimony." Agha v. Feiner, 198 N.J. 50, 62 (2009) (quoting Ryan v. KDI Sylvan Pools, Inc., 121 N.J. 276, 284 (1990)).

> [T]he testifying expert is generally permitted to detail for the trier of fact all of the materials, including films, test results, hospital records, and other experts' reports, on which he [or she] relied in deriving his [or her] opinion, so long as they are of a type reasonably relied upon by experts in his [or her] field.
>
> [Ibid.]

7

The underlying data relied upon by a testifying expert is only admissible to enable an evaluation of the quality of the opinion, not to establish the truth of any out-of-court statements. Id. at 63.

In Agha, the Supreme Court disallowed expert testimony that an MRI report established plaintiff suffered a herniated disc where the report was prepared by a non-testifying doctor and the testifying expert did not review the MRI himself. Id. at 67. In Brun v. Cardoso, we excluded testimony of a chiropractor interpreting an MRI report prepared by non-testifying physician where the testifying expert was unqualified to interpret MRI films. 390 N.J. Super. 409, 421 (App. Div. 2006). There, we said due to the complexity of reading MRIs and diagnosing damage to the back and spine, a chiropractor's opinion that was "substantially reliant on [a non-testifying radiologist's] interpretation of the MRI films" was inadmissible under Rule 803. Id. at 424.

Here, Dr. Robbins, an orthopedic surgeon, reviewed plaintiff's EMG results as well as the raw data underlying the EMG, not just the report. Plaintiff did not challenge Dr. Robbin's qualifications to interpret the EMG findings either before or after trial, and fails to refer to any evidence or legal authority in support of her premise this orthopedic surgeon was unqualified to interpret and testify about the EMG.

A-4424-16T4

Even if the trial court did abuse its discretion, plaintiff did not show how the EMG results could have affected the outcome. Dr. Robbins's analysis of the EMG resulted in the same conclusion he reached from his examination of plaintiff and her medical records. Therefore, barring Dr. Robbins's statements about the EMG would not have altered his opinion on the cause of plaintiff's injury and would not have been likely to affect the verdict.

Plaintiff argues any reference to her prior accident was not relevant and should have been excluded under Rule 401. In the alternative, she argues defendant's questions about the prior accident on cross-examination should have been excluded under Rule 403 because they led jurors to believe she suffered from pre-existing injuries. Plaintiff additionally contends her testimony about the prior accident was more prejudicial than probative because she was unable to recollect when the accident occurred or what injuries she suffered as a result.

Evidence is relevant if it tends to "prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. Relevant evidence is nevertheless inadmissible "if its probative value is substantially outweighed by the risk of . . . undue prejudice" or confusion. N.J.R.E. 403. The party seeking exclusion has the burden of demonstrating the prejudicial effect

A-4424-16T4

of the evidence substantially outweighs its probative value. <u>Griffin</u>, 225 N.J. at 420.

We discern no abuse of the court's discretion in permitting the questions relating to plaintiff's previous accident. Plaintiff's testimony contradicted prior statements she provided in her deposition and in answers to interrogatories; therefore, the subject testimony was relevant to her credibility. Moreover, the scope of defense counsel's questioning about the prior accident was limited to exposing plaintiff's contradictory statements.

We also reject plaintiff's assertion she was prejudiced by Dr. Robbins's testimony that her 2013 accident was not mentioned in her medical records from an appointment with Dr. Nadeem two days after the accident. Plaintiff argues the content of Dr. Nadeem's records was hearsay, and the failure to mention the accident is neither relevant nor admissible under Rule 401. However, Dr. Robbins's testimony regarding plaintiff's visit with her physician, to whom plaintiff provided her medical history, as recorded in Dr. Nadeem's medical charts, falls within the exceptions provided in Rule. 803(c)(4). Statements made "for purposes of medical diagnosis or treatment which describe medical history, or past or present symptoms, pain, or sensations" are admissible "to the extent

A-4424-16T4

that the statements are reasonably pertinent to diagnosis or treatment."  N.J.R.E. 803(c)(4).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION